(No. 74-CV-5-)

FRED W. ROEDER, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 17, 1975.*

Fred W. Roeder, Claimant, pro se.

William J. Scott, Attorney General; Jerome Felsenthal, Assistant Attorney General, for Respondent.

Per Curiam.

This claim arose out of a criminal battery on February 15, 1974, at 10:00 p.m. at 3403 N. Marshfield, Chicago, Illinois. Fred W. Roeder, seeks compensation pursuant to the provisions of the "Crime Victims Compensation Act" (thereafter referred to as the "Act"), *Ill. Rev. Stat., 1973 Chap. 70 Sec. 71 est. seq.*

This Court has carefully considered the application for benefits submitted on the form prescribed and furnished by the Court; and a report by the Attorney General of the State of Illinois. Based upon these documents and other evidence submitted before the Court, the Court finds as follows:

1. That the claimant was a victim of a violent crime covered under the Act to wit:

"Aggravated Battery", *Ill. Rev. Stat., 1973 Ch. 38, Sec. 12-4.*

2. That the claimant has suffered pecuniary loss in excess of $200 compensable by Sec. 4 of the Act to wit:

A. Hospital Expenses .............................. $10,057.15
B. Nurses ........................................ 164.00
C. Doctor Expenses ............................... 1,378.00

Total Medical Expenses ...................... $11,599.15

D. That claimant was unable to work from 2-16-74 to 6-17-74
as a result of his injuries. That he sustained an actual net
loss in wages in the amount of $4,440.00 for this period. $4,440.00
 less insurance reimbursement ................. −800.00

 Net Wage Loss ........................... $3,640.00
 Net allowable wage loss $500 month ............ 2,000.00
 Total Expenses and Loss Wages ............... 13,599.15

E. That direct benefits have been paid to the hospital and
doctors and nurses by Continental Assurance Company
Certificate No. L-10637-D4 in the amount of $9,423.92
and no other insurance compensation has been received or
is claimant entitled to.
 Less insurance benefits ..................... −9,423.92

 Total unreimbursed expenses ................. 4,175.23
 Less $200 deductible pursuant to Sec. 7 (d) ....... −200.00

 Total .................................. $3,975.23

3. That the appropriate law enforcement officials, The Chicago Police Department were notified of the perpetration of the crime allegedly causing the injury to the victim as soon after its perpetration as was reasonably practicable under the circumstances.

4. That claimant has cooperated fully with law enforcement officials. That, James Matin, the assailant has been identified, apprehended and pleaded guilty to aggravated battery.

5. That the victim and his assailant were not related and sharing the same household.

6. That there was no evidence presented that the injury to the claimant was attributable to his wrongful act or substantial provocation of his assailant.

7. That a Notice of Intent to File a Claim was duly filed as required by the Act on 3-11-74. That claimant's application, subrogation, and authorization for records and reports were timely filed with the Court.

8. That, briefly summarized, the facts are: On February 15, 1974, at about 10:00 p.m., Fred Roeder, age 45, of 3403 North Marshfield, Chicago, was at his home when he heard loud yelling out on the street. He went outside to investigate and to make sure his son was not involved. He walked about a block and returned to the entrance of his home. Then he heard a noise "like a firecracker" and turned to see who was there. Roeder saw a man with a sawed off shotgun standing in a "gangway" pointing the weapon at him. At this point, the offender shot the victim in the stomach.

Subsequent investigation by the Chicago Police Department identified the offender as one James Michael Martin who confessed to the crime.

A more detailed summary of the facts and information considered by the Court is contained in an Investigative Report prepared by the Attorney General. A copy of said report remains in the Court's file in this matter, and the facts as reported therein are incorporated in this opinion by reference.

9. That at the conclusion of a hearing held before Commissioner Fisher on December 5, 1974, it was determined that the proof submitted in support of this claim satisfied all the requirements of the Act.

10. That this claim is, therefore, compensable under the Act.

11. That the amount of compensation due the claimant is $3,975.23 as determined by Sec. 4 and 7(d) of the Act.

It Is Hereby Ordered that the sum of $3,975.23 (Three Thousand Nine Hundred Seventy-five and 23/100ths Dollars) be awarded Fred W. Roeder as an innocent victim of a violent crime.

It Is Further Ordered that the sum of $999.99 (Nine Hundred Ninety-nine and 99/100ths Dollars) be paid to the claimant immediately from the Court of Claims Fund as a partial payment on the total amount of this award, and that the balance of the award due the claimant in the sum of $2,975.24 be referred forthwith to the General Assembly for its approval.